I respectfully dissent from the opinion and judgment of the majority.
The stipulations of fact, the want of any request for separate findings of fact and conclusions of law, and the absence of a transcript impact my review of this exercise of discretion and application of law by the trial court.
Clearly, the establishment of the guardianship here was a convenience matter agreed to by the parties during circumstances where it was felt that the best interests of the young child would be served by grandparent control. The natural father has remarried, lives in a three-bedroom townhouse, and wants the opportunity to attain custody of his child. The venue to properly litigate the custody issue is the juvenile court (or domestic relations court), not the probate court. There, this matter will have the benefit of guardian ad litem services, sociological and psychological services. The interests of the grandparent will also be entertained.
The instant procedure is simply a vehicle to invest the juvenile court with exclusive, original jurisdiction, consistent with the provisions of Chapter 2151 of the Ohio Revised Code.
In the absence of any record demonstration to the contrary, I would conclude that a finding of "good cause" is implicit in the judgment of the probate court, unchallenged by motion for separate findings of fact and conclusions of law.
Parenthetically, I am also not persuaded that the termination of this guardianship is even a requisite to a complaint invoking the exclusive, original jurisdiction of the juvenile court in order to determine issues of custody of children. But having elected this avenue, I see no prejudice to anyone by allowing the custodial issues to be litigated in the juvenile court.
 _____________________________ JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment